## (June 17, 1963)

JOHN DESIDERIO et al., Respondents, v. CHAIN LOCATIONS OF AMERICA, INC., Appellant.— In an action to recover rent due under a lease of certain real property, damages for repairs made by plaintiffs, and reimbursement for the amounts expended by plaintiffs for the payment of premiums upon certain public liability and fire insurance policies and for the payment of additional taxes on the premises, defendant appeals: (1) from a judgment of the Supreme Court, Queens County, entered December 6, 1962 upon the court's decision after a nonjury trial, in plaintiff's favor for $4,607.47, together with interest and costs; and (2) from an order of said court, dated January 3, 1963, which denied defendant's motion for a new trial. Judgment modified on the law and the facts: (a) by reducing the principal recovery from $4,607.47 to $3,345.41; (b) by adjusting the amount awarded as interest to an amount based upon such reduced principal recovery; and (c) by reducing the total amount of the recovery accordingly. As so modified, the judgment is affirmed, without costs; the plaintiffs' claim for reimbursement for expenditures incurred in closing the opening in the front of the building on the premises is severed from the action; and such claim is remitted to the trial court for a new trial limited to the issue of the amount of the damages to which plaintiffs are entitled incident thereto, and for the entry of an appropriate judgment thereon. The findings of fact contained or implicit in the decision below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Order denying motion for a new trial affirmed, without costs. In our opinion, in its award of damages the trial court erroneously included an item of $14.91 as to which no proof was adduced at the trial, although such item was set forth in plaintiffs' bill of particulars. We also find that the inclusion of the item of $1,100 for plaintiffs' expense in closing the opening in the front of the building was improper. When defendant operated its business on the premises the covering of this part of the front of the building consisted of plate glass. We do not believe it was proper to charge defendant with the cost of an installation, in this opening, of a door, frame, returns, false ceiling and incidentals. Despite our view that defendant should not be charged for such installation, we believe that, under all the facts and circumstances shown in the record, the installation was not such an exercise of dominion

by plaintiffs over the premises as to constitute a surrender and acceptance of the leasehold. We are also of the opinion that plaintiffs are not entitled to an award for the premiums on the insurance policies. The policies contemplated by the lease were to name not only the plaintiffs but also the defendant as the insured parties; and the policies which plaintiffs procured did not so name the defendant as one of the insured. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.